DREW, J.
 

 | defendants, Broomfield’s, Inc. (“Broomfield”), and Hudson Insurance Group (“Hudson”), sought supervisory relief from an interlocutory ruling denying their exception of prescription. We granted and docketed the writ. We now reverse the judgment.
 

 FACTS
 

 On September 17, 2009, Jarred Taylor was involved in an automobile accident with a Mack truck driven by Brandon Goss and owned by Broomfield. Taylor sustained various injuries, including two broken ribs, multiple body contusions, and facial lacerations.
 

 For damages sustained as a result of the collision, Taylor sued Broomfield and its insurer, Hudson, on September 17, 2010,
 
 *487
 
 via facsimile transmission. The fax-filed petition was not notarized.
 

 Under La. R.S. 13:850, Taylor’s attorney had until September 24, 2010, to “forward” the original petition to the Jackson Parish Clerk of Court.
 

 The original petition was not actually filed with the Jackson Parish Clerk of Court until October 5, 2010. The verification for the original petition had been notarized by a person named Donna Kay Tucker on September 20, 2010, one year and three days after the wreck.
 

 Broomfield and Hudson filed a peremptory exception of prescription on November 12, 2010, urging the dismissal of plaintiff’s suit, with prejudice, because it was untimely filed after the one-year prescriptive period for torts had passed.
 
 [1]
 

 |2On January 3, 2011, plaintiff filed both a first amended petition for damages and a memorandum in opposition to the exception of prescription. In the amended petition, plaintiff removed Richard F. Broom-field and added GE Capital Commercial, Inc., and Brandon Goss as defendants.
 

 At the January 13, 2010, hearing on the exception of prescription, Broomfield and Hudson argued that:
 

 • the prescriptive period to recover for plaintiffs injuries had passed;
 

 • Taylor timely submitted his petition for injuries on September 17, 2010, via facsimile transmission, but he failed to prove by a preponderance of the evidence that he forwarded the original petition within five days, as required by La. R.S. 13:850.
 

 The Jackson Parish Clerk of Court did not receive the “hard copy” of the original petition until 16 days after the fax filing date.
 
 [2]
 

 In opposition to the exception of prescription, Taylor’s counsel claimed that when his office fax-filed the petition on September 17, 2010, his staff immediately put the original petition in an envelope with the two checks required for filing with the clerk of court, addressed the envelope, and mailed it and the rest of the mail at the post office.
 

 Several of counsel’s staff members testified at the hearing.
 

 Brian Frazier, the attorney who prepared the petition, testified that once he finished the petition, he advised his assistant to send the original signed petition with the electronic transmission fee and the fax filing fee to the Jackson Parish Clerk’s Office. He did not follow up with his assistant to determine if she had done so.
 

 |aSharon Lovett, legal assistant, testified that on September 17, 2010, she transmitted the petition to the clerk’s office by facsimile, and then made two check requests for the filing and transmission fees. On that same day, she placed the original petition, along with the two checks, in an envelope, addressed it to the Jackson Parish Clerk of Court, and placed it in the firm’s outgoing mailbox. After that, she did not deal with the file again. She did not know the notary, Donna Kay Tucker, nor could she explain why the verification bore a date of September 20, 2010, three days after she had sealed the petition in an envelope.
 
 [3]
 

 
 *488
 
 Sue Williams testified that she normally took the firm’s outgoing mail to the post office. Admitting that she usually did not look through the mail, Williams could not remember if a brown envelope addressed to the Jackson Parish Clerk of Court was among the mail she took to the post office on September 17, 2010.
 

 Cindy Carroll, the office manager, recalled issuing two checks, one for the filing fee and one for the transmission fee, on September 16, 2010.
 
 [4]
 

 Finding the affidavits and testimony of counsel and his staff as sufficient evidence, the learned trial court:
 

 • denied the exception of prescription;
 

 • held that the notary stamp date was merely harmless error; and
 

 • ruled that the petition was timely forwarded.
 

 |4Broomfield and Hudson applied for supervisory review. We granted and docketed their writ and submitted the matter for decision.
 

 DISCUSSION
 

 Delictual actions are subject to a liberative prescription of one year, which commences to run from the date injury or damage is sustained. La. C.C. art. 3492.
 

 When evidence is introduced at a hearing on an exception of prescription, the trial court’s findings of fact are reviewed under the manifest-error standard.
 
 Pratt v. Louisiana State Medical Center in Shreveport,
 
 41,971 (La.App.2d Cir.2/28/07), 953 So.2d 876.
 

 Although the party raising a peremptory exception of prescription ordinarily bears the burden of proof, when prescription is evident from the face of the pleading, the plaintiff bears the burden of showing the action has not prescribed.
 
 Cooksey v. Heard, McElroy & Vestal, L.L.P.,
 
 44,761 (La.App.2d Cir.9/23/09), 21 So.3d 1011.
 

 With regard to facsimile transmissions, La. R.S. 13:850 provides:
 

 A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
 

 B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
 

 (1) The original signed document.
 

 (2) The applicable filing fee, if any.
 

 (3) A transmission fee of five dollars.
 

 |5C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.
 

 The sender must prove by a preponderance of the evidence that the original document and fees have been forwarded.
 
 Hunter v. Morton’s Seafood Restaurant & Catering,
 
 2008-1667 (La.3/17/09), 6 So.3d 152. The plaintiff must present proof, in the form of affidavits or other documents, such as proof of
 
 *489
 
 mailing, of the date on which the original document and required fees were timely forwarded to the clerk’s office in accordance with La. R.S. 13:850.
 
 Id.
 

 In the present case, Taylor’s attorney and office staff testified that they executed their duties on September 17, 2010, with regard to the petition. When questioned, no one could confirm that the envelope was actually forwarded from the firm to the post office nor could anyone explain the September 20, 2010, date affixed by the notary.
 
 [5]
 

 In an email dated September 17, 2010, Sharon Lovett asked Carroll for two checks to the Jackson Parish Clerk of Court to cover the costs of filing and transmission fees. But, in her testimony at the hearing on the exception of prescription, Lovett stated that the next day she [Carroll] asked her for a receipt and, after receiving the checks and being asked for a receipt, she put the petition and checks in an envelope addressed to the Jackson Parish Clerk of Court. This would indicate that she would have 1 ¡¡received the checks along with the receipt on September 18, 2010, a day after she claimed to have mailed the petition.
 

 Both the record and Carroll’s live testimony conflict with that of Lovett. The record contains copies of the checks issued by Carroll, which were dated September 16, 2010. Carroll testified that she issued the checks on September 16, 2010, as opposed to September 18, 2010.
 

 No witness could explain why the petition sent via facsimile transmission was not notarized, while the one received October 5, 2010, was notarized. We cannot find authority authorizing changes between the fax-filed petition, and the “original signed document.” Without an affidavit or live testimony from Tucker, plaintiffs counsel is able neither to verify the authenticity of the notarization, nor explain the September 20, 2010, date of the verification, three days after the firm claims to have mailed the document to the clerk’s office.
 

 Even if the ruling in
 
 Hunter, supra,
 
 allowed this type of testimony to prove the timely forwarding of the petition, the testimony is both too conflicting and insufficient to find, by a preponderance of the evidence, that plaintiff counsel’s firm forwarded the petition in accordance with La. R.S. 13:850.
 

 The Louisiana Supreme Court in
 
 Hunter, supra,
 
 only interpreted the requirements laid out in the statute.
 

 In the unpublished case of
 
 Briggs v. Austin,
 
 2009-1336 (La.App.1st Cir.2/12/10), 2010 WL 528472, the First Circuit made the first factual determination as to whether a plaintiff had successfully complied with the 17requirements of La. R.S. 13:850. The court in
 
 Briggs
 
 held that affidavits merely stating a petition was mailed were insufficient to prove that it was timely forwarded.
 

 In
 
 Briggs,
 
 the clerk’s office did not receive Briggs’ original petition until two months after receiving the fax filing. Though Briggs submitted affidavits of her counsel and counsel’s secretary who testified that they timely mailed the petition, the First Circuit held:
 

 Even accepting plaintiffs affidavits as true, there is no evidence of record to show that the filing fees were timely forwarded prior to that date or that the facsimile filing fees were ever submit
 
 *490
 
 ted[.] ... Given the absence of proof, such as postal service proof of mailing, that the petition had been timely forwarded and the lack of evidence to document that a check or some other form of payment had been written and timely forwarded to cover the cost of filing fees or fax transmission fee ... we find no error in the trial court’s determination that the plaintiffs failed to meet their burden of proof.
 

 Briggs,
 
 2009-1336 at p. 3, 2010 WL 528472.
 

 As in the
 
 Briggs
 
 case, plaintiffs counsel has provided the court only with the general practice of his law firm when mailing documents. Taylor has neither postage proof nor any other form of time-stamped evidence to prove that his counsel timely forwarded the petition for damages. Without such proof of mailing to counter the missing and conflicting evidence, this court cannot agree that Taylor met his burden of proof by a preponderance of the evidence. To so hold would eviscerate the proof requirements as laid out in
 
 Hunter.
 

 We do not take this action lightly, but there are just too many questions presented here, and only the vague chimera of needed answers.
 

 IsDECREE
 

 Based on the evidence in this record, we conclude that the trial court was clearly wrong in denying the exception of prescription. At Taylor’s costs, the judgment is REVERSED.
 

 [1]
 

 . Also filed on November 12, 2010, was an exception of no cause of action.
 

 [2]
 

 . Strictly in hindsight, and as an aid in the fact-finding process, it would be a good practice for the clerk’s office to retain postmarked envelopes in cases requiring compliance with La. R.S. 13:850.
 

 [3]
 

 .None of the witnesses, including plaintiff’s counsel, could explain the mystery of the "phantom” notary, Donna Kay Tucker, nor
 
 *488
 
 could any witness explain the three-day delay before the date of the verification.
 

 [4]
 

 . These checks did not clear the bank until October 7, 2010.
 

 [5]
 

 . In this difficult decision, the trial court was not assisted in the fact-finding process by hearing sworn testimony from the notary, nor by receiving her affidavit about the verification. Our brother judge below was not proffered the return receipt from the postal service, nor even a copy of counsel’s letter of transmittal to the clerk’s office.