CHAISSON, J.
| ¶ Plaintiff, Tracy M. Palazola, appeals the final judgment of the trial court granting peremptory exceptions of prescription filed by defendants, IMC Consulting Engineers, Inc., Cali. & LaPlace Engineers, LLC, and Landry Construction, Inc., and dismissing with prejudice all of Mr. Pala-zola’s claims against- those defendants. For the following reasons, we affirm the judgment of the trial court.
FACTS AND' PROCEDURAL HISTORY
The instant suit arises out of injuries sustained by Mr.- Palazola when, in the course and scope of his maintenance work, he fell from a raised HVAC platform. The incident occurred on January 9, 2014.
On January 6, 2015, Mr. Palazola filed via facsimile a petition for damages in forma pauperis with the 24th Judicial District Court for the Parish of Jefferson. On January 23, 2015, the clerk’s office at the 24th Judicial District Court stamped as received a copy of Mr. Palazola’s petition with formatting different from that of the facsimile petition.
In response to the petition, defendants IMC 'Consulting, Landry Construction, and Cali & LaPlace Engineers filed peremptory exceptions of prescription in which they argued that Mr. Palazola’s facsimile filing failed to meet the require- *784 merits set forth in La. R.S. 13:850 because Mr. Palazola did not forward the original petition to the clerk’s office within seven days .of the. facsimile filing on January 6, 2015. After a hearing on the matter on August 4, 2015, the trial court sustained defendants’ exceptions and dismissed Mr. Palazola’s claims against them.
On appeal, Mr. Palazola contends that the trial court erred in sustaining the exceptions of prescription and dismissing the petition with prejudice because his counsel did in fact forward the' original- petition to the clerk’s office within the required seven days.
LLAW AND ANALYSIS
Delictual'actions are subject to a liberative prescription of one year, which commences to run from the date of the injury or damage sustained. La. C.C. art. 3492. Ordinarily, the party urging prescription bears the burden of proof at trial of the exception; h'owever, if the petition is prescribed on its face, the burden shifts to the plaintiff to show the action is not prescribed. Smith v. Transp. Servs. Co., 2013-2788 (La.7/01/14), 148 So.3d 903, 907. When evidence is introduced at a hearing on an exception of prescription, the trial court’s findings of fact are reviewed under the manifest-error standard. Taylor v. Broomfield, 46,590 (La.App. 2 Cir. 9/21/11), 73 So.3d 485, 489. The issue for a reviewing court to resolve when faced with a fact finding is not whether the trier of fact was right or wron'g, but whether the factfinder’s conclusion was a reasonable one. Wooley v. Lucksinger, 09-0571 (La.4/01/11), 61 So.3d 507, 554. Where two permissible views of the evidence exist, the factfinder’s choice between them cannot be- manifestly erroneous or clearly wrong. Id.
Louisiana Revised Statute 13:850 regarding facsimile transmission of pleadings, provides in part:
A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sencler by the clerk of court. The facsimile when filed has the same force and effect as the origi- , nal.
B. Within seven days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall for- ' ward the following to the clerk:
(1) The original signed document.
(2) The applicable filing fee, if any.
(3) A transmission fee of five dollars.
C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or-effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission. (Emphasis added).
LThe Supreme Court has held that La. R.S. 13:850(B) requires only that a litigant send the document within the time period provided in the statute; the original petition does not have to be received by the clerk’s office within seven days of the original facsimile. Hunter v. Morton’s Seafood Rest. & Catering, 08-1667 (La.3/17/09), 6 So.3d 152, 156. The date when an original document and fees have been forwarded to the clerk’s office is a fact to be proved by the sender. Id. The sender must establish, by a preponderance of the evidence, that the original document and required fees have been forwarded to the clerk’s office in the time set forth in the statute. Id.
*785 At the hearing on the exception, defendants argued that Mr. Palazola had failed to comply with the requirements of La. R.S. 13:850 because he did not forward the “original” petition as required by the statute. Examination of the record shows that the two petitions, while containing the same wording, are spaced and formatted differently, and contain different pagination. Defendants also argued that there is no evidence that Mr. Palazola’s counsel forwarded the original signed document within seven days of the original facsimile filing on January 6, 2015. The stamp on the second petition in the record shows that the clerk’s office received the “original” petition on January 23, 2015, seventeen days after the facsimile transmission. ' Additionally, while the actual envelope in which the mailed petition was received was not kept by the clerk’s office, an imaged copy of that envelope does not show a postmark indicating the date and time the petition was delivered into the care of the postal service.
In opposition to defendants’ exceptions, Mr. Palazola’s introduced into evidence an affidavit from his counsel’s legal assistant wherein she stated that she had personally filed the petition via facsimile on January 6, 2015, and she had personally delivered an addressed and stamped envelope containing the original petition to the U.S. Postal Service carrier servicing the law office the next day. Mr. |4Palazola also introduced his counsel’s affidavit wherein he stated that he had inquired of the legal assistant as to the status of the petition and she informed him that it had been filed via facsimile on January 6, 2015, and that she had personally mailed the original petition on January 7,2015.
Although it is unclear from the judgment, or the record, whether the trial court found that Mr. Palazola did not meet his obligations under La. R.S. 13:850(B) because he failed to forward the “original signed document” or because the petition was not forwarded within seven days of the facsimile filing on January 6, 2015 (or both), we find that neither of these findings would be manifestly erroneous, and that either finding would necessitate that defendants’ exceptions of prescription be sustained.
While the trial court could consider the self-serving affidavits submitted by Mr. Palazola, we are unable to find that, under the facts of this case, where the mailed petition was received by the clerk’s office sixteen days-after allegedly being mailed, and was received with no postmark on the envelope, that the trial judge erred in ultimately rejecting the contentions contained in Mr. Palazola’s affidavits. To the extent that the" trial court found that the petition was not mailed within the required seven-day period, we do not find this determination to be manifestly erroneous.
Furthermore, despite the fact that the substantive text of the mailed petition and the" facsimile filed petition are the same, and the only difference between the two is in formatting, there can be no dispute that the mailed petition is not the “original signed document” that was facsimile filed, as is required by La. R.S. 13:850(B). Therefore, to the extent that the trial court’s ruling was based upon a finding that the “original signed document” was not forwarded to the clerk’s office, we do not find this determination to be manifestly erroneous.
I ¿DECREE
For the foregoing reasons, we affirm the judgment of the trial court sustaining defendants’ exceptions of prescription.
AFFIRMED