WICKER, J.
*822 This appeal arises from the district court's grant of an exception of prescription dismissing plaintiff's petition for damages. For the reasons that follow, we affirm the district court's judgment.
Factual and Procedural History
This action arises out of injuries allegedly sustained by Kyle Smith, plaintiff Clarence Smith's minor son, on October 6, 2015. Kyle Smith's alleged injuries were caused while riding a defective zip-line at Lakewood Elementary School in Luling, which plaintiff alleges was under the custody of defendant, St. Charles Parish Public Schools. In the petition, plaintiff claims St. Charles Parish Public Schools is responsible for Kyle Smith's injuries, and that St. Charles Parish Public Schools had actual and constructive knowledge of the zip-line's defect prior to the accident but failed to fix the defect.
On October 5, 2016, plaintiff fax-filed a petition for damages in the Twenty-Ninth Judicial District Court for the Parish of St. Charles. As required by the fax-filing statute, La. R.S. 13:850, plaintiff delivered the original hard-copy petition to the St. Charles Parish Clerk of Court within seven days of transmitting the petition by fax to the court. The original hard-copy petition was clocked in as delivered to the St. Charles Parish Clerk of Court on October 12, 2016.[1]
In response to plaintiff's petition, on November 2, 2016, St. Charles Parish Public Schools filed an answer and peremptory exception of prescription. In the exception of prescription, St. Charles Parish Public Schools asserted that plaintiff failed to meet the statutory requirements of La. R.S. 13:850 because the fax-filed petition differs from the original petition delivered to the clerk of court. Because the petition delivered to the clerk's office was not identical to the fax-filed petition, St. Charles Parish Public Schools argued that the fax-filed petition lacked the force and effect of law necessary to interrupt prescription. Therefore, St. Charles Parish Public Schools contended that the effective filing date of the petition was October 12, 2016-the day the original petition was delivered to the clerk's office-and plaintiff's claim, which occurred on October 6, 2015, had *823 prescribed.[2]
In support of its exception of prescription, St. Charles Parish Public Schools attached copies of both plaintiff's October 5, 2016 fax-filed petition, and the original petition delivered to the clerk of court on October 12, 2016. The fax-filed petition alleges the injury occurred on October 6, 2005, while the original petition delivered to the clerk's office on October 12, 2016 states the injury occurred on October 6, 2015. In his reply memorandum, plaintiff admits to correcting a typographical error contained in the October 5, 2016 faxed-filed petition.
The district court heard arguments on the exception of prescription on May 31, 2017, and issued a judgment, including written reasons for judgment, sustaining the exception on June 27, 2017. In the district court's reasons for judgment, the court found that plaintiff did not comply with the statutory requirements of La. R.S. 13:850(B). The district court concluded that the effective filing date of plaintiff's petition was October 12, 2016, the date that the original petition was delivered to the clerk's office-over a year from the date of the alleged injury.
On appeal, plaintiff contends the trial court erred in sustaining the exception of prescription and dismissing the petition, pointing to the Louisiana Legislature's 2016 amendment to La. R.S. 13:850. The 2016 amendment changed the language of La. R.S. 13:850(B)(1) from requiring the party filing a pleading via facsimile to deliver to the clerk of court's office within seven days an "original signed document" to requiring delivery of "[t]he original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document." See Acts 2016, No. 109, eff. Aug 1, 2016. Plaintiff argues the amended statutory language as written does not contemplate the correction of a typographical error. Rather, plaintiff contends that the amended language should be interpreted to define "identical" to mean documents with the same content and number of pages.
Analysis
Prescription is a peremptory exception governed by La. C.C.P. art. 927. When the exception of prescription is tried before a trial on the merits, evidence may be introduced in support or in contravention of the exception, when the grounds for granting or denying the exception do not appear in the facts pled in the petition. La. C.C.P art. 931. When evidence is introduced to support or contravene the exception, the ruling is reviewed by the appellate court under the manifest error standard of review. Alvarez v. Southeast Commer. Cleaning, LLC , 13-657 (La. App. 5 Cir. 2/26/14), 136 So.3d 329, 333 (citing Dugas v. Bayou Teche Water Works , 10-1211 (La. App. 3 Cir. 4/6/11), 61 So.3d 826, 829-30 ). However, if the parties fail to introduce evidence, the appellate court's role is to determine whether the district court's ruling was legally correct. Id. Here, the exception of prescription was tried before trial and neither party submitted evidence at the hearing on the exception, therefore, we will review the exception to determine whether it is legally correct.
The exception of prescription at issue on this appeal concerned the proper *824 interpretation of La. R.S. 13:850. La. R.S. 13:850, as amended by Acts 2016, No. 109, eff. Aug. 1, 2016, provides the statutory framework for fax-filing pleadings. The statute provides:
A. Any document in a civil action may be filed with the clerk of court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time the facsimile transmission is received by the clerk of court. No later than on the first business day after receiving a facsimile filing, the clerk of court shall transmit to the filing party via facsimile a confirmation of receipt and include a statement of the fees for the facsimile filing and filing of the original document. The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section. The facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section.
B. Within seven days, exclusive of legal holidays, after the clerk of court receives the facsimile filing, all of the following shall be delivered to the clerk of court:
(1) The original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document.
(2) The fees for the facsimile filing and filing of the original document stated on the confirmation of receipt, if any.
(3) A transmission fee of five dollars.
C. If the filing party fails to comply with any of the requirements of Subsection B of this Section, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.
D. The clerk may purchase equipment and supplies necessary to accommodate facsimile filings out of the clerk's salary fund.
La. R.S. 13:850.
The Louisiana Legislature authorized filing pleadings via facsimile in 1991. See Acts 1991, No. 463. The legislature amended the statute in 1995, 2012 and 2016. See Acts 1995, No. 1119; Acts 2012, No. 826, eff. Aug. 1, 2012; Acts 2016, No. 109, eff. Aug. 1, 2016. The 1995 amendment required each clerk of court's office in the state to have the proper equipment to accommodate litigants filing documents via facsimile. Acts 1995, No. 1119. The amendment in 2012 changed the time limitation within which a party must deliver the original document to the clerk of court's office from five days to seven days. Acts 2012, No. 826. The amendment in 2016 had the most wide ranging effect on the substance of La. R.S. 13:850. The amendment changes the requirement that the original document be "forwarded" to the clerk's office within seven days to a requirement that the clerk's office receive the original document within seven days. Acts 2016, No. 109, eff. Aug. 1, 2016. The amendment also expands the statutory definition of "original signed document" in La. R.S. 13:850(B)(1) as quoted above.
Under the statute, a party may file a pleading, with the same force and effect as a pleading physically filed at the courthouse or via mail, if each requirement of subsection (B) is met. Under subsection (B), the party filing via facsimile must deliver to the clerk of court within seven *825 days: (1) the original document identical to the document filed by facsimile; (2) filing fees requested by the court listed on the facsimile confirmation receipt from the clerk's office; and (3) an additional mandatory transmission fee of five dollars. La. R.S. 13:850(B)(1)-(3). If the party filing by fax fails to meet any of the requirements of subsection (B), the document filed by fax has no legal force or effect. La. R.S. 13:850(C). In other words, if a party does not deliver to the clerk of court an "original document identical" to the fax-filed pleading within seven days, only the purported original pleading delivered in person or by mail to the clerk's office will have full legal force and effect.
Jurisprudence interpreting La. R.S. 13:850 demands mandatory satisfaction of the requirements of subsection (B). Turner v. Marine Inland Transp. Co. , 06-342 (La. App. 5 Cir. 10/31/06), 946 So.2d 185, 187 ; Antoine v. McDonald's Restaurant , 98-1736 (La. App. 3 Cir. 5/5/99), 734 So.2d 1257, 1261. The Louisiana Supreme Court requires litigants to abide by the literal meaning of the statute. See Hunter v. Morton's Seafood Rest. & Catering , 08-1667 (La. 3/17/09), 6 So.3d 152, 156.
This Court recently considered La. R.S. 13:850(B) in Palazola v. IMC Consulting Eng'rs , 16-22 (La. App. 5 Cir. 6/30/16), 197 So.3d 782. In Palazola , the plaintiff filed a petition for damages via facsimile on January 6, 2015. In the petition, the plaintiff alleged the incident causing injury occurred on January 9, 2014. The clerk of court's office physically received plaintiff's original petition delivered to the clerk of court on January 23, 2015. The original document contained different formatting and pagination from the petition faxed to the court by the plaintiff. The defendants filed a peremptory exception of prescription alleging the plaintiff did not meet the requirements to file via facsimile pursuant to La. R.S. 13:850(B). The defendants argued that because the original petition was not forwarded to the clerk's office within seven days of the facsimile filing and the original petition delivered had different formatting and pagination from the document filed via fax it could not be given full force and effect under La. R.S. 13:850. On appeal, we found that the plaintiff did not satisfy two obligations under La. R.S. 13:850(B), and that either deficiency would have been sufficient for the trial court to sustain the defendants' exception of prescription. Id. at 785. With respect to the purported original petition mailed to the clerk's office, we found:
... despite the fact that the substantive text of the mailed petition and the facsimile filed petition are the same, and the only difference between the two is in formatting, there can be no dispute that the mailed petition is not the "original signed document" that was facsimile filed, as is required by La. R.S. 13:850(B). Therefore, to the extent that the trial court's ruling was based upon a finding that the "original signed document" was not forwarded to the clerk's office, we do not find this determination to be manifestly erroneous.
Id.
Other Louisiana Courts of Appeal have also strictly construed La. R.S. 13:850. In Dunn v. City of Baton Rouge , 07-1169 (La. App. 1 Cir. 2/8/08), 984 So.2d 129, 130, the plaintiff filed a petition via facsimile, and physically filed the original with the clerk's office within the five day time period required by La. R.S. 13:850.[3] However, the petition filed by facsimile differed from the original physically filed petition.
*826 Dunn , 984 So.2d at 131. The original petition named a different plaintiff and prayed for relief from a different defendant than the petition filed via facsimile. Id. The court found that the facsimile filed petition had no effect, because plaintiff did not file the original document as required by subsection (B) of the statute. Id. Therefore, the district court found the plaintiff's case prescribed because the fax-filed petition did not carry force or effect, and the original document forwarded to the clerk's office was filed after prescription had accrued. Id.
The Second Circuit considered the issue in Taylor v. Broomfield , 46,590 (La. App. 2 Cir. 9/21/11), 73 So.3d 485. In Taylor , the plaintiff fax-filed his petition on September 17, 2010. Id. at 486. That petition was not notarized. Id. The plaintiff had until September 24, 2010, to deliver the original document to the clerk. Id. The original petition did not arrive until October 5, 2010. Further, the original hard-copy differed from the fax-filed petition as the verification on the original petition was notarized on September 20, 2010-three days after the fax-filed petition was transmitted to the court. Id. at 147. The defendant filed an exception of prescription arguing that (1) the original was not filed with the court within the five day period required at that time by La. R.S. 13:850 and (2) the copy filed with the clerk of court was not the original document filed via fax. The district court denied the exception of prescription and the defendant appealed. Id. On appeal, the Second Circuit reversed the district court's denial of the defendant's exception of prescription, in part, because the court could not "find authority authorizing changes between the fax-filed petition, and the 'original signed document.' " Id. at 489.
Although each of the cases discussed above were decided before the current amended language of La. R.S. 13:850 was enacted by the Legislature on August 1, 2016, the plain language of the current statute is clear that a litigant seeking to fax-file must deliver to the clerk's office "the original document identical" to the faxed pleading. La. R.S. 13:850, as amended in 2016, clarifies that the legislature intends litigants to deliver the same exact document faxed to the court. The reference to the requirement that the document must be identical in "number of pages and in content of each page including any attachments, exhibits and orders" is illustrative of what defines an original document. When a statute is clear and unambiguous and the application of the statute does not lead to absurd consequences, the statute must be applied as written. Hunter , 6 So.3d at 155 (citing La. R.S. 1:4; La. C.C. art. 9). The legislature is presumed to enact statutes with full knowledge of existing laws on the same subject, with awareness of jurisprudence and well-established principles of statutory interpretation. Id. (citing State v. Johnson , 03-2993 (La. 10/19/04), 884 So.2d 568, 576 ; Theriot v. Midland Risk Insurance , 95-2895 (La. 5/20/97), 694 So.2d 184, 186 ). The jurisprudence is clear that the clerk of court must receive the identical original that was filed by fax. The language of the new statute does not indicate an intent to change the jurisprudential interpretation of the statute.
Conclusion
Accordingly, we affirm the district court's grant of St. Charles Parish School's exception of prescription. There is no dispute that the petition delivered to the clerk of court on October 12, 2016 differs in substance from the petition transmitted by fax on October 5, 2016. The October 5, 2016 petition alleges the injury occurred on October 6, 2005, and *827 the petition delivered to the Clerk's office specifies the injury as occurring on October 6, 2015. Accordingly, the plaintiff did not follow the procedure required by La. R.S. 13:850 and, therefore, the petition carrying the force and effect of law is the facially prescribed October 12, 2016 petition. The district court did not err in granting St. Charles Parish Public School's exception.
AFFIRMED

Both the October 5, 2016 fax-filed petition and the original petition delivered to the clerk on October 12, 2016 were clocked in by the St. Charles Parish Clerk of Court as filed in the trial court record. However, the original appellate record lodged in this court on August 28, 2017 contained only the October 12, 2016 original petition delivered to the clerk. On March 22, 2018, this court ordered the St. Charles Parish Clerk of Court to supplement the appellate record within ten days with the Petition for Damages filed by fax on October 5, 2016. On April 2, 2018, the clerk supplemented the record with the original fax-filed petition dated October 5, 2016.

According to La. C.C. art. 3492, delictual actions are subject to liberative prescription of one year running from the date of injury.

At that time, delivery of the original document to the clerk of court needed to be made within five days of the facsimile transmission. See Acts 1995, No. 1119.