984 So.2d 129 (2008)
Michelle DUNN Individually and on Behalf of Lanisha Williams
v.
CITY OF BATON ROUGE.
No. 2007 CA 1169.
Court of Appeal of Louisiana, First Circuit.
February 8, 2008.
*130 Dedrick A. Moore, Baton Rouge, LA, for Plaintiff/Appellant, Michelle Dunn.
E. Wade Shows, Parish Attorney, Randall J. Cahio, Special Assistant Parish Attorney, for Defendant/Appellee, City of Baton Rouge.
Before WHIPPLE, GUIDRY, and HUGHES, JJ.
GUIDRY, J.
Michelle Dunn appeals from the trial court's judgment, which granted the City of Baton Rouge's peremptory exception raising the objection of prescription and dismissed her action with prejudice. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
On February 5, 2005, Lanisha Williams fell in an uncovered manhole in her front yard and was injured. On February 6, 2006, Michelle Dunn, individually and on behalf of Lanisha Williams, and in proper person, fax filed a petition for damages, naming the City of Baton Rouge as a defendant. Thereafter, on February 10, 2006, Ms. Dunn, again in proper person, physically filed a petition for damages with the clerk of court for the Nineteenth Judicial District Court.
On June 15, 2006, the City of Baton Rouge filed a peremptory exception raising the objection of prescription, asserting that Ms. Dunn's action had prescribed in accordance with La. C.C. art. 3492, because the action was filed more than one year after the date of the accident. Following a hearing, the trial court granted the City of Baton Rouge's exception and dismissed Ms. Dunn's petition with prejudice. Neither Ms. Dunn nor counsel on her behalf filed an opposition to the City of Baton Rouge's exception of prescription or appeared at the hearing.[1]
Ms. Dunn thereafter filed a motion for reconsideration of the trial court's judgment, which was denied. Ms. Dunn now appeals from this judgment.

DISCUSSION
Under La. C.C. art. 3492, delictual actions are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. A party urging an exception raising the objection of prescription has the burden of proving facts to support the exception unless the petition is prescribed on its face. Cichirillo v. Avondale Industries, Inc., 04-2894, 04-2918, p. 5 (La.11/29/05), 917 So.2d 424, 428. When the face of the petition reveals that the plaintiff's claim is prescribed, the burden shifts to the plaintiff to demonstrate that prescription was suspended or interrupted. In Re Medical Review Panel for Claim of Moses, 00-2643, p. 6 (La.5/25/01), 788 So.2d 1173, 1177.
As stated above, Ms. Dunn fax filed a copy of her petition for damages with the clerk of court for the Nineteenth Judicial District Court on February 6, 2006, which was a Monday. Louisiana Revised Statute 13:850, regarding facsimile transmission of pleadings, provides, in part:

*131 A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
(1) The original signed document.
(2) The applicable filing fee, if any.
(3) A transmission fee of five dollars.
C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect.
This court has previously determined that the provisions of Subsection B are mandatory, and therefore, in order for a fax-filed pleading to have any force or effect, the original signed document must be filed with the clerk of court, along with a filing fee, if applicable, and a five dollar transmission fee, within five days after the clerk has received the fax-filed transmission. See Bryant v. Milligan, 00-2524, pp. 3-4 (La.App. 1st Cir.6/6/01), 808 So.2d 660, 663.
In the instant case, Ms. Dunn did physically file a petition for damages with the clerk of court on February 10, 2006. However, this physically-filed petition differs from the copy which was filed by fax. Particularly, the prayer in the fax-filed petition refers to the plaintiff as Lanisha Williams, and requests service on defendants, F.A. Richard & Associates, Inc. and the City of Baton Rouge. The prayer also requests that judgment be rendered in favor of Lanisha Williams and against defendants, F.A. Richard & Associates, Inc. and the City of Baton Rouge. However, the prayer in the physically-filed petition refers to the plaintiff as Michelle Dunn, requests service upon defendant, the City of Baton Rouge, and requests judgment in favor of Michelle Dunn and against the City of Baton Rouge. Accordingly, because the petition that was physically filed on February 10, 2006, is significantly different from the fax-filed petition, it cannot be considered to be the original document.
Because Ms. Dunn failed to file the original document as mandated by La. R.S. 13:850(B), the facsimile transmission has no effect, and therefore, it cannot be considered to have interrupted prescription. See Bryant, 00-2524 at pp. 4-5, 808 So.2d at 663; see also, Hollingsworth v. Choates, 42,424, p. 2 (La.Ap. 2nd Cir.8/22/07), 963 So.2d 1089, 1091-1092. Further, since the petition that was physically filed was not filed in the clerk of court's office until February 10, 2006, Ms. Dunn's claims, which accrued on February 5, 2006, have prescribed. La. C.C. art. 3492; see also Bryant, 00-2524, p. 5, 808 So.2d at 663.
Accordingly, we find no error in the trial court's judgment granting the City of Baton Rouge's peremptory exception raising the objection of prescription and dismissing Ms. Dunn's petition with prejudice.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are to be borne by the appellant, Michelle Dunn.
AFFIRMED.
NOTES
[1] Prior to the City of Baton Rouge's filing of its peremptory exception raising the objection of prescription, counsel enrolled to represent Ms. Dunn. The record shows that Ms. Dunn's counsel was served with the City of Baton Rouge's exception of prescription, but failed to file an opposition or appear at the hearing on the exception.