STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1625

ERA SANDERS

VERSUS

PETRIN, L.L.C. A/K/A PETRIN CORPORATION

Judgment Rendered: __JUL 2 4 2020__

* * * * * * *

APPEALED FROM THE EIGHTEENTH JUDICIAL DISTRICT COURT,
IN AND FOR THE PARISH OF WEST BATON ROUGE
STATE OF LOUISIANA
DOCKET NUMBER 43658, DIVISION "D"

HONORABLE ELIZABETH A. ENGOLIO, JUDGE

* * * * * * *

Lon E. Roberson
Baton Rouge, Louisiana

Attorney for Plaintiff/Appellant
Era Sanders

David K. Johnson
Baton Rouge, Louisiana

Attorney for Defendant/Appellee
Petrin, L.L.C., a/k/a Petrin
Corporation

BEFORE: McDONALD, THERIOT, and CHUTZ, JJ.

**McDonald, J.**

This is an appeal from a judgment sustaining defendant's exception of prescription and dismissing plaintiff's suit with prejudice. After review, we affirm.

## FACTS AND PROCEDURAL HISTORY

On May 19, 2017, the plaintiff, Era Sanders, fax-filed a petition for damages naming as defendant his employer, Petrin, L.L.C., a/k/a Petrin Corporation (Petrin).[1] Mr. Sanders maintained that he was injured at work due to the intentional acts of Petrin on or about May 16, 2016. Petrin filed an answer, denying the allegations, and asserting numerous affirmative defenses.

Thereafter, Petrin filed an exception of prescription. Petrin asserted that the petition was prescribed because Mr. Sanders' testimony, as well as his medical records, showed that his injury occurred on or before March 29, 2016, and his suit was not filed until more than one year after the injury. Petrin asked that the petition be dismissed with prejudice. In support of its exception, Petrin attached to its memorandum two exhibits: an excerpt from Mr. Sanders' deposition, and Mr. Sanders' medical records from Our Lady of the Lake Regional Medical Center (OLOL) showing the treatment he received on March 29, 2016.

The matter was heard on June 25, 2019, and the entire record was entered into evidence by Petrin. At the close of the hearing, the trial court sustained the exception of prescription. The judgment was signed on July 30, 2019, dismissing Mr. Sanders' suit with prejudice. Mr. Sanders appeals the judgment.

## DISCUSSION

In his sole assignment of error, Mr. Sanders maintains that the trial court erred

---

[1] We note that the trial court found that the petition was fax-filed on May 12, 2017. The chronological index of the record indicates that the petition was fax-filed on May 11, 2017. However, the petition in the record on appeal does not contain a fax-filing date stamp. The petition was untimely regardless of which of these May 2017 dates it was filed on since the trial court concluded the accident occurred no later than March 29, 2017.

2

by not considering his injury to be a continuing tort lasting past March 29, 2016. The issue of a continuing tort was raised by Mr. Sanders for the first time on appeal.

In his deposition, Mr. Sanders testified he was working with wet cement on a Saturday when he first noticed holes in his gloves. He went to the bathroom to wash his hands and found "a lot of little bumps." He testified that about a week later, his hands were dry and cracked, so he went to the shop foreman, and then he went to OLOL, where he was given a prescription cream for his hands.

The records from OLOL show that Mr. Sanders went to the emergency room on March 29, 2016. He reported that he had gotten wet cement on his hands a week earlier, resulting in itching and cracked skin on both hands. He was diagnosed with chemical dermatitis and dry skin dermatitis, given a prescription for a cream to apply to his hands, and discharged.

At the hearing, the trial court noted that the petition alleged that the injury occurred on May 16, 2016; however, the trial court found that the injury occurred no later than March 29, 2016, when Mr. Sanders went to the OLOL emergency room for treatment.

Under La. C.C. art. 3492, delictual actions are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. A party urging an exception raising the objection of prescription has the burden of proving facts to support the exception unless the petition is prescribed on its face. **Dunn v. City of Baton Rouge**, 2007-1169 (La. App. 1 Cir. 2/8/08), 984 So.2d 129, 130.

If evidence is introduced at the hearing on the peremptory exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard of review. **Cawley v. National Fire & Marine Ins. Co.**, 2010-2095 (La. App. 1 Cir. 5/6/11), 65 So.3d 235, 237.

3

The entire suit record, including the attachments to the memorandum in support of the exception of prescription, was introduced into evidence at the hearing by Petrin. Thus, the manifest error standard of review applies to the trial court's findings of fact.

In order to reverse a factfinder's determinations, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). **Stobart v. State through Dept. of Transp. and Development**, 617 So.2d 880, 882 (La. 1993).

The evidence shows that Mr. Sanders sought treatment for his injury on March 29, 2016 at the OLOL emergency room. While Mr. Sanders alleges in brief that he suffered a continuing tort, there is no evidence in the record of an injury past the date on which Mr. Sanders was treated at OLOL and released.

Thus, after review, we find no manifest error in the trial court's determination that Mr. Sanders' injury occurred no later than March 29, 2016, the date that he went to OLOL for treatment, and thus, his suit is prescribed. Therefore, the trial court judgment is affirmed.

## CONCLUSION

For the foregoing reasons, the trial court's July 30, 2019 judgment, sustaining Petrin, L.L.C. a/k/a Petrin Corporation's exception of prescription, and dismissing Era Sanders' claims with prejudice, is affirmed. Costs of this appeal are assessed against Era Sanders.

**AFFIRMED.**