STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2020 CA 1086

GLENDA WORM

VERSUS

THE BERRY BARN, LLC AND LA FARM BUREAU CASUALTY
INSURANCE CO.

JUDGMENT RENDERED: ___**OCT 2 1 2021**___

* * * * * * *

Appealed from the
Twenty-First Judicial District Court
In and for the Parish of Tangipahoa • State of Louisiana
Docket Number 2019-0003267 • Division F

The Honorable Elizabeth P. Wolfe, Judge Presiding

* * * * * * *

| | |
|---|---|
| Marcus J. Plaisance | COUNSEL FOR APPELLANT |
| Mark D. Plaisance | PLAINTIFF—Glenda Worm |
| Prairieville, Louisiana | |
| *and* | |
| Dominick M. Bianca | |
| Baton Rouge, Louisiana | |
| | |
| Dan Richard Dorsey | COUNSEL FOR APPELLEES |
| Patricia P. Barattini | DEFENDANTS—The Berry Barn, |
| Covington, Louisiana | L.L.C. and Louisiana Farm |
| | Bureau Casualty Insurance |
| | Company |

* * * * * * *

BEFORE: WHIPPLE, C.J., GUIDRY, WELCH, CHUTZ, AND LANIER, JJ.

*Guidry, J dissents for the reasons assigned by Judge Chutz*

*Welch J dissents with reasons*

**WELCH, J.**

In this appeal, we must determine whether plaintiff's fax filed petition interrupted prescription where the content of each page of the fax filed petition and the original petition, received seven days later by the Clerk of Court, were not identical. The trial court sustained defendants' peremptory exception raising the objection of prescription. We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

Plaintiff alleges she was injured in an accident on October 7, 2018, on the premises of the defendants' business. Plaintiff's counsel prepared a petition for damages and fax filed the petition with the Tangipahoa Parish Clerk of Court's office ("Clerk of Court") on Friday, October 4, 2019, at approximately 6:09 p.m., after court business hours. The fax transmission report indicated that the fax consisted of five pages, and there was no notification of an incomplete transmission nor transmission error. On Monday, October 7, 2019, the Clerk of Court faxed a "Fax Filing Confirmation" document to plaintiff's counsel. Then on Friday, October 11, 2019, plaintiff's counsel filed the original petition with the Clerk of Court and paid the appropriate filing fees. The Clerk of Court stamped the original petition as "FAX FILED Oct. 4, 2019."

Thereafter, defendants filed a peremptory exception raising the objection of prescription, alleging that plaintiff's original petition was not identical to the fax filed petition in accordance with the statute governing fax filings, La. R.S. 13:850. Specifically, defendants argued that the top portions of the first and second page of the pleading, as well as the bottom portion of the second page, were "cut off" in the fax filed petition, thereby eliminating some of the substance of plaintiff's allegations.

The plaintiff opposed the defendants' objection of prescription, arguing that the fax filed petition was identical to the original petition that was filed in person

2

by her attorney, and that any error in the receipt or printing of the fax filed petition was attributable to the Clerk of Court and its fax machines, not to the plaintiff. The plaintiff further argued that the "Fax Filing Confirmation" document faxed by the Clerk of Court to the plaintiff indicated the number of faxed pages, identical to the number of pages of the original petition, and did not indicate that the transmission of the fax filed petition was incomplete or that any error occurred in its receipt or printing.

Following a hearing conducted via Zoom video teleconference, the trial court sustained defendants' objection of prescription and dismissed plaintiff's claims, with prejudice. The trial court signed a judgment in accordance with its ruling on June 11, 2020. Plaintiff now appeals.

## LAW AND DISCUSSION

Plaintiff's tort suit is subject to the one-year liberative prescription for delictual actions, commencing the day the injury or damage is sustained. La. C.C. art. 3492. A party urging a peremptory exception raising the objection of prescription has the burden of proving facts to support the exception unless the petition is prescribed on its face. **Sanders v. Petrin, L.L.C.**, 2019-1625 (La. App. 1st Cir. 7/24/20), 309 So. 3d 388, 390. The accident giving rise to plaintiff's suit occurred on October 7, 2018. Therefore, plaintiff's original petition, filed on October 11, 2019, was prescribed on its face. Accordingly, plaintiff bore the burden of proof to show that her action was not prescribed. See **Stevenson v. Progressive Sec. Ins. Co.**, 2019-00637 (La. 4/3/20), ___ So. 3d ___, ___, 2020 WL 1671565, at *1.

Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted. **Carter v. Haygood**, 2004-0646 (La. 1/19/05), 892 So. 2d 1261, 1268.

3

If evidence is introduced at the hearing on the peremptory exception raising the objection of prescription, the trial court's findings of fact are reviewed under the manifest error standard of review. **Sanders**, 309 So. 3d at 390. Here, plaintiff's counsel, Dominick Bianca, introduced his affidavit at the hearing on defendants' exception. Thus, the manifest error standard of review applies to the trial court's findings of fact. See **Sanders**, 309 So. 3d at 390. In order to reverse a factfinder's determinations, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). **Sanders**, 309 So. 3d at 390-91.

Prescription is interrupted when the obligee commences an action against the obligor in a court of competent jurisdiction and venue. La. C.C. art. 3462. A civil action is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction. La. C.C.P. art. 421. Louisiana Revised Statutes 13:850 governs fax filing of pleadings, and provides, in pertinent part:

> A. Any document in a civil action may be filed with the clerk of court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time the facsimile transmission is received by the clerk of court. No later than on the first business day after receiving a facsimile filing, the clerk of court shall transmit to the filing party via facsimile a confirmation of receipt and include a statement of the fees for the facsimile filing and filing of the original document. The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section.

Louisiana Revised Statutes 13:850 permits filings by facsimile in civil actions, with the same force and effect as a physically filed pleading, if the particular statutory requirements are met. La. R.S. 13:850(A).

Louisiana Revised Statutes 13:850(B) provides:

> B. Within seven days, exclusive of legal holidays, after

4

the clerk of court receives the facsimile filing, all of the following shall be delivered to the clerk of court:

(1) The original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document.

(2) The fees for the facsimile filing and filing of the original document stated on the confirmation of receipt, if any.

(3) A transmission fee of five dollars.

Specifically, the original document identical to the facsimile filing must be delivered to the clerk of court within seven days, exclusive of legal holidays, and the required fees must be paid. La. R.S. 13:850(B).

The uncontested affidavit introduced at the hearing by Mr. Bianca, plaintiff's counsel, stated:

> The Petition for Damages faxed filed in the above referenced matter on October 4, 2019[,] is the exact same Petition for Damages in number of pages and content that was received by the Tangipahoa Parish Clerk of Court's office on October 11, 2019[,] and filed into the record in compliance with [La.] R.S. 13:850.

In sustaining the defendants' objection of prescription, the trial court held:

> I'm going to rule in favor of the Exception of Prescription and dismiss the case for the following reasons: I reviewed the entire file, including the accompanying affidavit, the pleadings, the memos, and the argument of counsel, the case law, as well as the applicable statute and find that the fax copy is different from the original physical copy that was ultimately the result of, we think a machine error. As [defense counsel] pointed out, we can't be positive, but it appears that it's a result of machine error and was not to be something within the power of the plaintiff to prevent. The error did not result in the petition being late. Rather, it created a difference between the two. The fax filed and the physical filed documents are different. A plain reading of [La. R.S. 13:850] requires the Court to find the fax filing is invalid despite good faith on the part of the plaintiff. So, despite the plaintiff apparently being blameless in the situation and despite the general presumption against

5

finding in favor of the prescription motion, the Court is deeming this fax filing invalid. ... And as a result, the filing was untimely. So, the action has prescribed.

There is no dispute that the physical copies contained in the record show that the fax filed petition and the original petition are different. However, the differences are due to *missing* as opposed to substantively *different*[1] or *altered*[2] portions of the petition. In the instant matter, the top portions of the first and second page, as well as the bottom portion of the second page, appear to be "cut off" in the fax filed petition, while those "cut off" portions appear in the original petition. However, the uncontested affidavit of plaintiff's counsel establishes that the fax filed petition faxed to the Clerk of Court was identical to the original petition he later filed in person. Further, plaintiff's fax transmission report and the "Fax Filing Confirmation" document faxed by the Clerk of Court to the plaintiff indicate that the fax filed petition was received by the Clerk of Court with no errors, in the same amount of pages as the original petition. As reasoned by the trial court, the apparent error in receipt and printing of plaintiff's fax filed petition by the Clerk of Court was attributable to "machine error and was not to be something within the power of the plaintiff to prevent."

Recognizing that prescriptive statutes are to be strictly construed against

---

[1] In **Smith v. St. Charles Par. Pub. Sch.**, 2017-475 (La. App. 5th Cir. 5/1/18), 246 So. 3d 821, 826-27, writ denied, 2018-1001 (La. 10/8/18), 253 So. 3d 802, plaintiff's petition for damages physically filed with the clerk of court differed from the fax filed copy that plaintiff transmitted. Specifically, plaintiff's fax filed petition and original petition differed in substance—the faxed filed petition alleged that the injury occurred on October 6, 2005, while the original petition delivered to the clerk's office specified the injury as occurring on October 6, 2015. **Smith**, 246 So. 3d at 826-27. The fifth circuit affirmed the trial court's ruling that because the fax filed petition and original petition differed in the date of the alleged injury, plaintiff failed to adhere to La. R.S. 13:850(B). **Smith**, 246 So. 3d at 827. Accordingly, plaintiff's fax filed petition was not sufficient to interrupt prescription because it was not identical to the original petition.

[2] In **Dunn v. City of Baton Rouge**, 2007-1169 (La. App. 1st Cir. 2/8/08), 984 So. 2d 129, 130-31, plaintiff's original petition for damages physically filed with the clerk of court differed from the fax filed petition that was transmitted before the end of the one-year prescriptive period in a tort suit against the City of Baton Rouge. Specifically, the original petition named a different party as plaintiff than did the fax filed petition, and the fax filed petition named another defendant in addition to the City. See **Dunn**, 984 So. 2d at 131. This court affirmed the trial court's ruling that plaintiff's fax filed petition was not sufficient to interrupt prescription because the named parties differed from those in the original petition. See **Dunn**, 984 So. 2d at 131.

prescription and in favor of the obligation sought to be extinguished, see **Carter,** 892 So. 2d at 1268, we decline to put the onus on the plaintiff where fax filing is a fully authorized method, and the uncontroverted evidence presented at the hearing on the defendants' exception was that plaintiff's counsel properly and timely used the fax filing method before the prescriptive period ended. See **Stevenson,** ___ So. 3d at ___, 2020 WL 1671565, at *6. Based on the facts of this case, we find that plaintiff's fax filed petition was sufficient to interrupt prescription. Thus, the trial court erred in sustaining defendants' objection of prescription.

## DECREE

We reverse the trial court's June 11, 2020 judgment and remand this matter to the trial court for further proceedings consistent with the views expressed in this opinion. Costs of this appeal are assessed to the defendants/appellees, The Berry Barn, L.L.C. and Louisiana Farm Bureau Casualty Insurance Company.

**REVERSED AND REMANDED.**

GLENDA WORM

VERSUS

THE BERRY FARM, LLC &
LOUISIANA BUREAU CASUALTY
INSURANCE COMPANY

FIRST CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

NO. 2020 CA 1086

CHUTZ, J., dissenting.

WRC by
JCW

I respectfully dissent from the majority's reversal of the district court judgment holding the instant matter is prescribed. Louisiana Revised Statutes 13:850(C) provides that, in the event a party fails to comply with the facsimile filing requirements, "the facsimile filing shall have no force or effect." Further, the burden of proving all statutory requirements have been met rests with the sender. *Bize v. Larvadain*, 18-394 (La. App. 3d Cir. 12/28/18), 263 So.3d 584, 604, writ denied, 19-0419 (La. 5/6/19), 270 So.3d 577.

Under La. R.S. 13:850(B)(1), the content of the original document filed with the clerk of court's office must be "identical" to the facsimile filing. In this case, the petition plaintiff filed by facsimile and the original petition she filed were not "identical" in content. The assertion of plaintiff's counsel that portions of the petition were cut off at the bottom because of incorrect settings on the clerk of court's fax machine is pure speculation. The affidavit of plaintiff's counsel merely states that the facsimile petition and the original petition were the same without addressing the issue of why the facsimile received by the clerk of court was not identical to the original petition. The affidavit fails to state that the settings on the fax machine used by counsel were correctly set, or even that the fax machine counsel used was functioning properly. Thus, even assuming the problem was due to machine error as counsel asserts, plaintiff did not establish which fax machine caused the error. Moreover, plaintiff had a full working day after the facsimile filing before prescription ran to ensure the proper filing of the petition, but failed to

do so. While the result is harsh, we are bound to apply the unambiguous statutory requirements imposed by the legislature, and plaintiff failed to prove she met those requirements since the facsimile and the original petitions were not "identical" in content.