STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 0604

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RFMSI
2005S7

VERSUS

WALTER C. DUMAS

Judgment Rendered: __APR 0 3 2023__

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 610504

Honorable Timothy E. Kelley, Judge Presiding

* * * * *

Robert H. Ford
Houston, TX
-and-
Corey J. Giroir
Natasha D. Fossett
Herschel C. Adcock, Jr.
Patricia Blankenbaker
Alicia B. Cook
Harold E. Cradic, III
Baton Rouge, LA
-and-
Avery A. Simmons
Samuel M. Dearstyne
Charlotte, NC

Attorneys for Plaintiff-Appellee,
U.S. Bank National Association as
Trustee for RFMSI 2005S7

Travis J. Turner
Gonzales, LA

Attorney for Defendant-Appellant,
Walter C. Dumas

* * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

**HESTER, J.**

The defendant, Walter C. Dumas, appeals the trial court's grant of summary judgment in favor of the plaintiff, U.S. Bank National Association as Trustee for RFMSI 2005S7 (U.S. Bank), in this suit on a promissory note. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

This litigation involves a suit on an obligation secured by a mortgage and has a long, complex history, including two prior appeals and several prior writ applications filed with this court. The following includes the facts relevant to this appeal. In March 2012, U.S. Bank filed a Petition to Enforce Security Interest by Executory Process against Mr. Dumas alleging that Mr. Dumas defaulted on a promissory note secured by a mortgage on certain immovable property located in East Baton Rouge Parish. Mr. Dumas filed a Petition for Injunction to Arrest the Seizure and Sale of Property[,] Statutory Damages[,] and Attorney's Fees contending, among other arguments, that the note and mortgage were separately owned and not enforceable by U.S. Bank. The trial court granted Mr. Dumas's petition for injunction. That judgment was appealed to this Court, which reversed the trial court judgment and determined that U.S. Bank had the right to enforce the promissory note by executory process. **U.S. Bank National Association v. Dumas**, 2012-1902 (La. App. 1st Cir. 4/3/14),144 So.3d 29, writ denied, 2014-0943 (La. 8/25/14), 147 So.3d 1119.

Subsequently, Mr. Dumas filed a second Petition for Injunction to Arrest the Seizure and Sale of Property for different reasons, which the trial court granted. In the trial court's ruling, it determined that U.S. Bank's filing did not meet the strict requirements for sale by executory process. Therefore, the filing must be treated as an ordinary proceeding.[1] Subsequently, U.S. Bank filed a Petition to Convert

---

[1] This judgment was not appealed.

2

Executory Proceeding to Ordinary Proceeding under La. Code Civ. P. art. 2644 requesting a judgment in its favor against Mr. Dumas for the amounts owed, recognizing and enforcing U.S. Bank's mortgage, and in due course issuing a writ of *fieri facias* ordering the sheriff to sell the mortgaged property.

On April 29, 2020, U.S. Bank filed a motion for summary judgment requesting summary judgment in its favor on its petition for foreclosure. Mr. Dumas opposed the motion for summary judgment and filed a peremptory exception raising the objection of no right of action. U.S. Bank's motion for summary judgment and Mr. Dumas's exception of no right of action came before the trial court on November 16, 2020. After a hearing, the trial court signed two judgments on December 10, 2020. One judgment denied Mr. Dumas's exception of no right of action, and the other judgment granted U.S. Bank's motion for summary judgment. Mr. Dumas sought supervisory writs on the denial of his exception of no right of action[2] and appealed the granting of summary judgment in favor of U.S. Bank. Mr. Dumas also filed an exception of prescription directly with this Court, which this Court denied.

On appeal, this Court determined that the December 10, 2020 judgment granting summary judgment was not final and appealable because the judgment lacked specificity in the amounts due and dismissed the appeal. **U.S. Bank National Association v. Dumas**, 2021-0585 (La. App. 1st Cir. 12/22/21), 340 So.3d 246, 251. Thereafter, the trial court signed an amended judgment on February 28, 2022, granting the motion for summary judgment and ordering Mr. Dumas to pay U.S. Bank, among other specified amounts, the principal sum of $684,263.55, accrued interest of $385,549.96, and escrow overdrafts in the amount of $138,466.95. The

---

[2] **U.S. Bank National Association as Trustee for REMSI 2005S7 v. Dumas**, 2020-1311 (La. App. 1st Cir. 1/28/21), <u>writ denied, stay denied sub nom.</u> **U.S. Bank National Association as Trustee for RFMSI 2005S7 v. Dumas**, 2021-00246 (La. 2/20/21), 311 So. 3d 351, and <u>writ denied, stay denied sub nom.</u> **U.S. Bank National Association as Trustee for RFMSI 2005S7 v. Dumas**, 2021-00245 (La. 2/20/21), 311 So.3d 352.

3

judgment also ordered that the mortgage securing the described debt in favor of U.S. Bank be recognized and declared enforceable in accordance with the law and with preference and priority over all inferior encumbrances to the property. It is from the February 28, 2022 amended judgment that Mr. Dumas now appeals, raising the following assignments of error:

1. This Court erred when it denied Mr. Dumas's writ application in reference to the trial court's denial of Mr. Dumas's peremptory exception of no right of action.

2. This Court erred when it denied Mr. Dumas's peremptory exception of prescription.

3. The trial court erred when it considered U.S. Bank's exhibits, affidavit, and other materials in deciding U.S. Bank's motion for summary judgment.

4. The trial court erred when it granted U.S. Bank's motion for summary judgment by ignoring Mr. Dumas's competent evidence that shows the existence of a genuine issue of material fact.

## LAW AND ANALYSIS

The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. P. art. 966(A)(2). A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3). The initial burden of proof is on the mover to show that no genuine issue of material fact exists and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1). The burden then shifts to the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

4

**Id.** If the adverse party fails to do so, then summary judgment shall be granted. La. Code Civ. P. art. 966(A)(3). Argument of counsel and briefs, no matter how artful, are not sufficient to raise an issue of material fact. **Wilson v. Davis,** 2007-1929 (La. App. 1st Cir. 5/28/08), 991 So.2d 1052, 1063, writs denied, 2008-2011, 2008-2020 (La. 11/10/08), 996 So.2d 1070, 1071.

In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. **Aucoin v. Larpenter,** 2021-0064 (La. App. 1st Cir. 9/20/21), 329 So.3d 363, 368, writ denied, 2021-01505 (La. 12/7/21), 328 So. 3d 420. Thus, appellate courts ask the same questions: whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. **Id.**

Because the applicable substantive law determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Durand v. Graham,** 2019-1312 (La. App. 1st Cir. 6/12/20), 306 So.3d 437, 440. Summary judgment is an appropriate procedural device to enforce a negotiable instrument when the defendant establishes no defense against enforcement. **Winston v. Hall,** 2017-1097 (La. App. 1st Cir. 4/6/18), 2018 WL 1663020, *3 (unpublished), citing **American Bank v. Saxena,** 553 So.2d 836, 844-846 (La. 1989). In a suit to collect on a promissory note, once the plaintiff, as holder of the note, proves the maker's signature or the maker admits it, the holder has made out his *prima facie* case by mere production of the note and is entitled to recover in the absence of any further evidence. The burden then shifts to the defendant to prove the existence of a triable issue of material fact and/or any affirmative defenses. See **Riedel v. Fenasci,** 2018-0538 (La. App. 1st Cir. 12/28/18), 269 So.3d 995, 999.

  1. Evidentiary Issues (Assignment of Error No. 3)

Before considering the merits of U.S. Bank's motion for summary judgment, we will address Mr. Dumas's contention in his third assignment of error that the trial court erred when it considered U.S. Bank's exhibits, affidavit, and other materials in deciding U.S. Bank's motion for summary judgment. Mr. Dumas argues that U.S. Bank's exhibits were attached to his legal memorandum rather than his motion for summary judgment, and therefore should not be considered. In support of his argument, Mr. Dumas cited outdated summary judgment law when a memorandum was not one of the documents that could be considered under Article 966 in a motion for summary judgment, and therefore documents attached to the memorandum could not be considered. See **Frisard v. Autin**, 98-2637 (La. App. 1st Cir. 12/28/99), 747 So.2d 813, 817, writ denied, 2000-0126 (La. 3/17/00), 756 So.2d 1145. Since then, Article 966 has been amended several times and now provides "a motion for summary judgment shall be granted if the motion, **memorandum**, and supporting documents show that there is no genuine issue as to material fact." (Emphasis added.) The documents U.S. Bank filed in support of its motion for summary judgment were properly filed and considered by the trial court.

Mr. Dumas also argued that the affidavit attached to U.S. Bank's motion for summary judgment of Howard R. Handville, a senior loan analyst with Ocwen Financial Corporation, who serviced the loan at issue on behalf of U.S. Bank, was not made on personal knowledge. Louisiana Code of Civil Procedure article 967(A) states that supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Where business records are concerned, the courts have deemed Article 967 satisfied when the affiant is qualified to identify the business records as such. **Durand**, 306 So.3d at 442. Where the affiant is familiar with the account and business records, it is not necessary for the affiant to show that he personally prepared the business

6

records or that he had direct, independent, first-hand knowledge of their contents. **Regions Bank v. Louisiana Pipe & Steel Fabricators, LLC**, 2011-0839 (La. App. 1st Cir. 12/21/11), 80 So.3d 1209, 1213. Mr. Handville's affidavit related that he had personal knowledge of and reviewed the relevant books and records made in the regular course of business relating to the matters set forth in his affidavit and that the information in the affidavit was taken from the records. He pointed out that based on his experience and in the performance of his job duties, he is familiar with the manner and procedure in which the documents referenced are created and maintained. Furthermore, Mr. Handville's testimony was supported by the very documents about which he testified. Thus, we conclude that the affidavit and documents attached to the affidavit submitted by U.S. Bank were sufficient under Article 967. See **Durand**, 306 So.3d at 442.

2. The Merits of the Motion for Summary Judgment (Assignments of Error No.'s 1, 2, and 4)

In support of its motion for summary judgment, in addition to the affidavit of Mr. Handville, U.S. Bank filed an excerpt of Mr. Dumas's deposition and the opinion of this Court in a prior appeal. Attached to Mr. Handville's affidavit were a copy of the July 25, 2005 promissory note where Homecomings Financial Network Inc. loaned $750,000.00 to Mr. Dumas; a copy of the mortgage encumbering Mr. Dumas's property located at 19221 South Lakeway Avenue; Mr. Dumas's payment history on the loan; the December 6, 2011 notice of default sent to Mr. Dumas, and the Transfer of Note Secured by Mortgage assigning the Note from Mortgage Electronic Registration Systems, Inc. to U.S. Bank.

The summary judgment evidence revealed that on July 25, 2005, Homecomings Financial Network, Inc. loaned $750,000.00 to Mr. Dumas, and Mr. Dumas executed a promissory note for repayment of the loan. Contemporaneously with the execution of the note, Mr. Dumas granted a mortgage securing the note and

encumbering Mr. Dumas's South Lakeway Avenue property. According to Mr. Handville's affidavit, Mr. Dumas made monthly payments on the loan until September 1, 2011, but failed to make any payments beyond that date, and as of February 14, 2020, Mr. Dumas owed $1,185,641.95. The note showed endorsements from Homecomings Financial Network, Inc. to Residential Funding Corporation, then from Residential Funding Corporation to U.S. Bank National Association as Trustee. Mr. Handville noted that a "true and correct" copy of the note and mortgage were attached to his affidavit and the original note was "currently in possession of the Court."

U.S. Bank also attached a prior opinion of this Court where this Court stated that U.S. Bank attached the original promissory note and a properly certified copy of the mortgage to its Petition to Enforce Security Interest by Executory Process. **U.S. Bank National Association v. Dumas**, 144 So.3d at 32. This Court further determined that the original note presented to the court by U.S. Bank reflects on its face that U.S. Bank has the right to enforce the instrument, and no further evidence was required to establish that right. **U.S. Bank National Association v. Dumas**, 144 So.3d at 45.

After a *de novo* review of the evidence presented by U.S. Bank, we find that U.S. Bank proved its *prima facie* case against Mr. Dumas by producing the original note, which establishes the debt, by proving that U.S. Bank has the right to enforce the instrument, and by proving Mr. Dumas defaulted on the note. With this showing, the burden shifted to Mr. Dumas to prove the existence of a triable issue of material fact and/or any affirmative defenses. See **Riedel v. Fenasci**, 269 So.3d at 999.

In his first two assignments of error, Mr. Dumas contends that this Court erred when it denied his writ application in reference to the denial of Mr. Dumas's peremptory exception of no right of action and denied his peremptory exception of

8

prescription filed directly with this Court.[3] In support of his arguments, Mr. Dumas contends that U.S. Bank's motion for summary judgment is attempting to enforce a different promissory note than the one filed with its original physically filed March 26, 2012 petition and that the original promissory note and mortgage were no longer in this litigation. He bases his argument on a statement made by the trial court on December 16, 2014, when ruling on Mr. Dumas's second Petition for Injunction to Arrest the Seizure and Sale of Property and to Set Aside Void Judgment filed after the matter was remanded from this Court. During that hearing, the trial court pointed out that U.S. Bank's March 22, 2012 fax-filed petition was not the same as the original petition physically filed on March 26, 2012 because the fax-filed petition did not include any of the attached documents, particularly the note and the mortgage. The trial court concluded that the March 22, 2012 fax-filed petition without the attached documents did not comply with the strict requirements to proceed via executory process, and the petition was therefore ordinary process. The trial court stated, "They're different processes. And because of that, the subsequent filing with the attachments should have been reallotted." It is the position of Mr. Dumas that this statement by the trial court effectively removed the March 26, 2012 petition, which included the original note and a certified copy of the mortgage, from this litigation.

Mr. Dumas's argument fails to consider the well-settled rule that the district court's oral or written reasons for judgment form no part of the judgment. See **Bellard v. American Cent. Ins. Co.**, 2007-1335 (La. 4/18/08), 980 So.2d 654, 671. The trial court signed a judgment from the December 16, 2014 hearing "declaring the judgment that dismissed [Dumas's] preliminary injunction which prohibited the

---

[3] Mr. Dumas previously filed a writ application with this Court seeking review of the trial court's denial of his exception of no right of action. His writ application was denied. However, when an unrestricted appeal is taken from a final judgment, the appellant is entitled to review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the final judgment. **City of Baton Rouge v. Douglas**, 2016-0655 (La. App. 1st Cir. 4/12/17), 218 So.3d 158, 162.

[Sheriff] from offering for sale [the 19221 South Lakeway Avenue property] as void *ab initio*, recalled and set aside…." The judgment did not declare or order that the March 26, 2012 physically filed petition was no longer a part of the litigation. Furthermore, La. R.S. 13:850(C) states that if a party fails to comply with the requirements of Subsection B, "the **facsimile filing** shall have no force or effect." (Emphasis added.) Louisiana jurisprudence gives effect to a physically filed petition even if it differs from the original fax-filed petition. In **Dunn v. City of Baton Rouge**, 2007-1169 (La. App. 1st Cir. 2/8/08), 984 So.2d 129, 131, the fax-filed petition differed from the version physically filed with the clerk's office. The court gave effect to the physically filed petition but found it did not interrupt prescription because it was filed after prescription had expired. See also **Smith v. St. Charles Parish Public Schools**, 2017-475 (La. App. 5th Cir. 5/1/18), 246 So.3d 821, 826-27, writ denied, 2018-1001 (La. 10/8/18), 253 So.3d 802 (wherein the plaintiff failed to comply with La. R.S. 13:850 because the physically filed petition differed from the fax-filed version, yet the court found "the petition carrying the force and effect of law" was the physically filed petition). The petition in effect and before this Court is the March 26, 2012 physically filed petition with the original note attached.

As noted, Mr. Dumas also contends that U.S. Bank was attempting to enforce a different promissory note than the one this Court previously ruled on. Mr. Handville, in his affidavit, pointed out that the original note was in the possession of the court, and a copy of the note was attached to the motion for summary judgment. The original note filed with the March 26, 2012 petition that is part of our record on appeal and the copy of the note filed with U.S. Bank's motion for summary judgment are substantively identical. The body of the note is the same; the only difference is a handwritten notation made at the top of the documents indicating a trial court case number. We are not persuaded by Mr. Dumas's argument that U.S. Bank is attempting to enforce a different note in its motion for summary judgment than the

10

one this Court previously ruled on or that the original note attached to the March 26, 2012 petition is no longer in the litigation. Therefore, we find no merit to Mr. Dumas's argument that U.S. Bank has no right of action to enforce the note. The issue of whether U.S. Bank was the proper plaintiff was previously determined in the 2012 appeal in this case, where this Court concluded that U.S. Bank has the right to enforce the instrument. This Court's finding constitutes law of the case.[4] See **U.S. Bank National Association v. Dumas**, 144 So.3d at 45. Additionally, we find no merit to Mr. Dumas's argument that this action has prescribed because there has been no action taken on the original note since the December 16, 2014 ruling of the trial court. Actions on promissory notes, whether negotiable or not, are subject to a liberative prescription of five years. La. Civ. Code art. 3498. Thus, prescription commences to run from the day payment is exigible. **Id.** Mr. Dumas defaulted on the promissory note on October 1, 2011. Having concluded that the March 26, 2012 physically filed petition and the motion for summary judgment are enforcing the same promissory note, the March 26, 2012 petition clearly interrupted the five-year prescriptive period for an action on a promissory note.

Finally, Mr. Dumas argues that the trial court erred when it granted U.S. Bank's motion for summary judgment by ignoring Mr. Dumas's competent evidence that shows the existence of a genuine issue of material fact. As the facts raised by Mr. Dumas in his opposition to the motion for summary judgment are not material to U.S. Bank's cause of action to enforce the note by ordinary process, and summary

---

[4] The law of the case doctrine is a discretionary guide that relates to (a) the binding force of a trial judge's ruling during the later stages of trial; (b) the conclusive effects of appellate rulings at trial on remand; and (c) the rule that an appellate court ordinarily will not reconsider its own rulings of law on a subsequent appeal in the same case. **Zanella's Wax Bar, LLC v. Trudy's Wax Bar, LLC**, 2019-0043 (La. App. 1st Cir. 11/7/19), 291 So.3d 693, 696, writ denied, 2019-01931 (La. 1/28/20), 291 So.3d 1052. It applies to all prior rulings or decisions of an appellate court or the supreme court in the same case, not merely those arising from the full appeal process. The reasons for the doctrine are to avoid re-litigation of the same issues, to promote consistency of result in the same litigation, and to promote efficiency and fairness to the parties by affording a single opportunity for the argument and decision of the matter at issue. **Id.**

judgment cannot be defeated by mere argument of counsel, we find no merit to Mr. Dumas's final assignment of error. Mr. Dumas failed to prove the existence of a triable issue of material fact and/or any affirmative defenses sufficient to defeat summary judgment; therefore, the trial court did not err in granting summary judgment in favor of U.S. Bank and ordering Mr. Dumas to pay the amount due on the note.

## CONCLUSION

For the foregoing reasons, we affirm the February 28, 2022 judgment granting summary judgment in favor of U.S. Bank National Association as Trustee for RFMSI 2005S7. All costs of the proceeding are assessed to Walter C. Dumas.

**AFFIRMED.**